**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-1652**

———————

MARJAN SHARIFI,

        Plaintiff - Appellant,

    v.

UNIVERSITY OF MARYLAND AT BALTIMORE,

        Defendant - Appellee.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Matthew James Maddox, District Judge. (1:24-cv-00171-MJM)

———————

Submitted: November 21, 2025                Decided: December 2, 2025

———————

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Donald Quinn, QUINN PATTON, LC, Severna Park, Maryland, for Appellant. Anthony G. Brown, Attorney General of Maryland, Lillian L. Reynolds, Assistant Attorney General, Michael E. Rowan, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marjan Sharifi appeals the district court's order granting the University of Maryland at Baltimore's ("UMB") motion to dismiss and dismissing without prejudice Sharifi's complaint alleging claims of employment discrimination, disparate treatment, constructive discharge, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §§ 2000e to 2000e-17. The district court found that Sharifi had failed to exhaust her administrative remedies as required before filing an action in federal court pursuant to Title VII. We affirm.

We review de novo the district court's grant of UMB's motion to dismiss. *See Cowgill v. First Data Techs., Inc.*, 41 F.4th 370, 378 (4th Cir. 2022). Before pursuing a Title VII suit in federal court, "a plaintiff must exhaust her administrative remedies by bringing a charge with the [Equal Employment Opportunity Commission (EEOC)]." *Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022). "A plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit," and the allegations in the charge "generally limit the scope of any subsequent judicial complaint." *Id.* (citation modified); *see Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002) (explaining that "the scope of the civil action is confined . . . by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination" (citation modified)). A plaintiff may bring claims that were not in the original EEOC charge "so long as they are like or reasonably related to charges in the original administrative complaint, and if they reasonably could have developed from the agency's investigation of the original complaint." *Stewart v. Iancu*, 912 F.3d 693, 706 (4th Cir. 2019).

2

Here, Sharifi alleged in her EEOC charge that she was a Ph.D. student in UMB's graduate program and that a UMB professor discriminated against her due to her Iranian national origin by harassing and bullying her—ultimately blocking her from graduation—and although she reported this conduct to UMB, UMB failed to act on her complaint. In her federal complaint, however, Sharifi raised new claims of retaliation, disparate treatment, and constructive discharge, in addition to claims of employment discrimination based on her national origin. Sharifi, who was employed as a research assistant in one of UMB's laboratories, alleged that she was discriminated against, disparately treated, and retaliated against by her professor, other student assistants, and other faculty members due to her Iranian national origin, and that UMB failed to remedy this harassment, ultimately forcing her out of the program and causing her to resign, amounting to constructive discharge. While Sharifi argues that her federal claims reasonably could have developed from the EEOC's investigation of her charge such that she exhausted her administrative remedies, we are unpersuaded.

Turning first to Sharifi's employment discrimination claims, we agree with the district court that the discrimination claims in her federal complaint exceeded the scope of the allegations in her EEOC charge. Sharifi's administrative charge made no mention of her work as a research assistant and her resignation or discharge from that position, UMB's denial of employment opportunities in its pediatric residency program, and discriminatory comments and behavior by other faculty members and students, all of which Sharifi raised and discussed at length in her Title VII complaint. While we afford Title VII plaintiffs "significant leeway" in the drafting of their administrative complaints, *id.* at 706, we are

3

"not at liberty to read into administrative charges allegations they do not contain," *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 408 (4th Cir. 2013).  Because Sharifi failed to exhaust her administrative remedies for her Title VII claims, they are procedurally barred.  *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 506, 509 (4th Cir. 2005).

Similarly, we agree with the district court that Sharifi's retaliation claim could not have developed from a reasonable investigation of her original EEOC charge.  *See Stewart*, 912 F.3d at 706.  Sharifi failed to check the box for retaliation on her EEOC charge and did not mention retaliation in the narrative portion of her charge.  *See Cowgill*, 41 F.4th at 384.  Further, Sharifi's EEOC charge made no reference to facts from which a claim of retaliation could have developed beyond her filing of one complaint about her professor's harassment.  Moreover, her charge stated explicitly that her professor's actions occurred because of national origin discrimination, and did not mention retaliation for filing a complaint.  *See id.*  At bottom, the relevant question is whether Sharifi's claim that she was retaliated against for complaining about her professor's harassment was "reasonably related to her EEOC charge such that it would have reasonably been expected to follow from an administrative investigation of that charge,"  and we conclude that it was not.  *See id.*

Finally, Sharifi argues that the EEOC's early right-to-sue letters, which are issued pursuant to 29 C.F.R. § 1601.28(a)(2), are invalid in light of the EEOC's congressionally mandated duty to investigate charges under 42 U.S.C. § 2000-e5(b).  While Sharifi is correct that we have not addressed this issue, we need not do so now, as resolution of this question has no bearing on Sharifi's case.  She was not issued an early right-to-sue letter

4

pursuant to § 1601.28(a)(2) (permitting EEOC to issue early right-to-sue letter if EEOC official determines "that it is probable that the [EEOC] will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect").  Rather, her charge was dismissed after the EEOC concluded its consideration of her charge.  *See* 42 U.S.C. § 2000e-5(1).  Thus, we decline to reach this question.

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5